## NATIONAL CONTRACTING CO. v. HUDSON RIVER WATER-POWER CO.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

ACTIONS—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.
> Where, on a motion for change of venue for convenience of witnesses, defendant's affidavits alleged that 25 witnesses residing in another county were necessary to prove certain facts of defense, but did not state what facts any witness could testify to, and plaintiff alleged that 44 persons residing in the county where the action was pending were necessary witnesses, the order denying the motion will not be reversed.

Appeal from special term, New York county.

Action by the National Contracting Company against the Hudson River Water-Power Company. From an order denying defendant's motion for change of the place of trial, it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Richard L. Hand, for appellant.
L. Laflin Kellogg, for respondent.

INGRAHAM, J. The action was brought to recover for a breach of a contract by the defendant whereby the plaintiff was to con-

struct a masonry dam across the Hudson river in the county of
Saratoga. The answer admits the making of the contract, denies
the other allegations of the complaint, alleges a breach by the
plaintiff, and sets up a counterclaim for damages sustained by the
defendant in consequence of the plaintiff's failure to prosecute said
work as required by the contract. After the case was at issue
the defendant made a motion to change the place of trial, for the
convenience of witnesses, from New York to Saratoga county. The
plaintiff's affidavit upon which this motion was made alleges that
34 persons are material and necessary witnesses for the defendant
on the trial of the action; 25 residing in Saratoga county, and the
other 9 residing in adjoining counties. There is no allegation that
these witnesses would testify as to any facts that would be ma-
terial upon the trial, the allegation being that each person named
is a material witness to prove certain specified facts; but nothing is
alleged to show that the witnesses can testify to the facts specified.
To justify the court in granting the application, it must appear that
the persons named can testify to facts which will be material upon
the trial. In opposition to this motion there were submitted on
behalf of the plaintiff affidavits alleging the 44 persons residing in
the city and county of New York are material and necessary wit-
nesses for the plaintiff, and that there are a number of other per-
sons, residents of adjoining counties, who are also material and
necessary. We have examined the affidavits, and, while there is
considerable doubt as to whether many of the persons specified
therein could testify as to any facts which would be material upon
the trial, we do not think that the defendant has made out a case
which would justify us in reversing the action of the special term,
or in determining that the convenience of witnesses alone requires a
change of venue in this action. The contract was made in the city
of New York. It was to be executed in Saratoga county. The
main question is to determine whether the failure of the plaintiff
to complete the contract was caused by the plaintiff or the de-
fendant; the plaintiff's place of business being in the city of New
York, and the defendant's place of business being in the county
of Saratoga. As is natural, a majority of the persons alleged to
be material for the plaintiff reside in New York or its vicinity, while
a majority of those to be called for the defendant are residents of
Saratoga county or that vicinity; but the burden of proof is upon
the plaintiff to establish a breach of the contract by the defendant.
It is true, the contract was to be performed in Saratoga county,
and that fact is always taken into consideration in determining
motions of this character; but, without analyzing these affidavits, we
are not satisfied that upon the facts alleged there is a decided ma-
jority of those alleged to be material witnesses who reside in
Saratoga county or in that neighborhood, so that the convenience
of the witnesses that will actually be called justifies the court in
changing the place of trial.

The order appealed from should be affirmed, with $10 costs and
disbursements. All concur.